UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD HOCH, | Case No. 2:23-cv-00066-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO AMEND (ECF No. 21)** |
| GAUGHAN SOUTH LLC, d/b/a South Point Hotel and Casino, *et al.*, | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 21). Defendants filed responses in opposition (ECF Nos. 24/25/26) to which Plaintiff replied (ECF Nos. 27/28).

**I.     Background**

According to the allegations of the proposed Second Amended Complaint, on November 1, 2020, Plaintiff was illegally detained and received a misdemeanor warning for trespass despite complying with the orders of Gaughan South, LLC ("Gaughan") personnel. *(Plaintiff's Proposed Second Amended Complaint*, ECF No. 21-1). The employees are now identified in the proposed amended complaint, replacing Doe defendants. (*Id.* at ¶ 4). He alleges that he was attacked and detained by force using zip ties or handcuffs. (*Id.* at ¶ 16). This was done for the sole purpose of illegally detaining him until Metro officer A. Pavlov, identified in previous complaints as Doe I, issued Plaintiff a "formal trespass warning." (*Id.* at ¶ 20).

Plaintiff filed his initial Complaint in state court on October 28, 2022. (ECF No. 1). He then filed his First Amended Complaint on December 8, 2021. (*Id.*). The First Amended Complaint asserted claims for false imprisonment/false arrest, defamation, negligence, intentional infliction of emotional distress, and 42 U.S.C. § 1983. (*Id.*). The First Amended Complaint asserted claims against Doe Defendants, Gaughan South, LLC and Las Vegas Metropolitan Police Department ("Metro"). (*Id.*).

Defendant Metro then filed a Notice of Removal on January 12, 2023. (*Id.*). The Stipulated Discovery Plan and Scheduling Order set the deadline to file a motion to amend the complaint as April 13, 2023. (ECF No. 12). Plaintiff filed a Motion to Amend the Complaint on April 12, 2023, but that motion was denied on April 13, 2023, and ordered the parties to first meet and confer. (ECF Nos. 19/20). The Court expressly granted Plaintiff permission to refile the motion if the parties could not come to an agreement on the amended complaint. (ECF No. 20).

On April 19, 2023, Plaintiff filed the present Motion to Amend after the parties could not come to an agreement. (ECF No. 21). Plaintiff's proposed Second Amended Complaint seeks to identify Doe Defendant I, A. Pavlov, the Metro officer who issued the "warning citation" for trespass. Additionally, the Second Amended Complaint seeks to identify the Gaughan employees that were originally identified as Doe Defendants VIII-X and XIII. Further, the Second Amended Complaint adds an allegation that Plaintiff was physically injured by defendants during his seizure and detention.

Defendant Metro opposes the Motion to Amend arguing that (1) it is untimely, and (2) the amended claims are futile because they do not relate back to the filing of the Complaint and are barred by the statute of limitations. Gaughan South LLC also argues that the Motion to Amend should be denied because the amended claims do not relate back to the filing of the initial complaint. Further, Gaughan argues that addition of the individual Gaughan employees would be redundant because the proposed Second Amended Complaint asserts that Gaughan is liable under a *respondeat superior* theory because they were acting within the scope and course of their employment.

## II.     Analysis

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(A)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

Cir. 2003). Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015).

The party opposing the amendment bears the burden of showing why leave should be denied, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

**A. Timeliness**

Defendant Metro argues that Plaintiff's motion is untimely because it was filed after the deadline set in the scheduling order, April 13, 2023. But Plaintiff initially filed the motion to amend April 12, 2023. The Court expressly denied the initial motion to amend without prejudice, invoking Local Rule 16-1(d) which allows the court to require parties to meet-and-confer about any matter the court deems appropriate. (ECF No. 20). After an agreement could not be reached when the parties met-and-conferred on April 18, 2023, Plaintiff filed the renewed motion the next day. (ECF No. 21). Because the Court had specifically authorized the filing of the motion to amend after the deadline, and Plaintiff did not delay, the Court finds that the motion was timely filed.

### B. Relation Back of Amendments

Defendants argue that identifying the Doe defendants named in the complaint would be futile, because the amendment would not relate back to the filing of the complaint, and thus, would be barred by the statute of limitations.

Nevada law provides the applicable statute of limitations for Plaintiff's § 1983 and state law causes of action. *See Butler v. National Comm. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014).[1] "[B]ecause the limitations period derives from state law, [Federal Rule of Civil Procedure] 15(c)(1) requires [the Court] to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Id.* at 1201.

Unlike the Federal Rules of Civil Procedure, the Nevada Rules of Civil Procedure expressly allow the use of Doe defendants:

> If the name of a defendant is unknown to the pleader, the defendant may be designated by any name. When the defendant's true name is discovered, the pleader should promptly substitute the actual defendant for a fictitious party.

Nev. R. Civ. P. 10(d). Rule 10(d) "is a self-contained rule that is independent of NRCP 15(c) in its relation back effect." *Nurenberger Hercules-Werke GMBH v. Virostek*, 822 P.2d 1100, 1106 (Nev. 1991), *abrogated on other grounds by Costello v. Casler*, 245 P.3d 631 (Nev. 2011). To utilize Rule 10(d), the complaint must (1) plead fictitious or Doe defendants in the caption of the complaint; (2) plead the basis for naming defendants by other than their true identity, and clearly specify the connection between the intended defendants and the conduct, activity or omission upon which the cause of action is based; and (3) exercise reasonable diligence in ascertaining the true identity of the intended defendants and promptly move to amend the complaint in order to substitute the actual for the fictional. *Id.* Were a plaintiff to fail to satisfy the *Nurenberger* test under Rule 10(d), then a court may consider a motion to amend under NRCP 15 as an attempt to add a party. Nev. R. Civ. P. 15(c) advisory committee's notes to 2019 amendment. However, as

---

[1] In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years. Nev. Rev. Stat. § 11.190(4)(e); see also *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

the Court finds that Plaintiff satisfies the *Nurenberger* test doing so in this instance will not be necessary.

Here, there is no dispute that (1) Plaintiff plead fictitious or Doe defendants in the caption of the original Complaint and (2) the allegations of the Complaint state the basis for naming Doe defendants and specify connections between the Doe defendants and the factual allegations underlying the causes of action. However, Defendant Metro argues that Plaintiff did not exercise reasonable diligence because Plaintiff was aware of Pavlov's identity from the time he received his trespassing warning but failed to name him in the original or first amended complaint.

Defendant Metro's argument is based on the misdemeanor warning that was issued to Plaintiff and that contained Pavlov's signature and badge number. (ECF No. 21-2). However, as Plaintiff argues, the printed name and the signature on the citation are illegible. Further, to the extent that Defendant Metro argues that Plaintiff should have used the badge number to determine Pavlov's identity before filing suit, that number is also printed illegibly.

The Nevada Supreme Court found that the following factors bear on reasonable diligence: "whether the party unreasonably delayed amending the pleadings to reflect the true identity of a defendant once it became known, whether the plaintiff utilized judicial mechanisms such as discovery to inquire into a defendant's true identity, and whether a defendant concealed its identity or otherwise obstructed the plaintiff's investigation as to its identity." *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 243 (Nev. 2011) (citations and internal quotation marks omitted).

Utilizing the enumerated factors, the Court finds that Plaintiff exercised reasonable diligence in ascertaining the Doe defendants' true identities and promptly amending the complaint. First, Plaintiff utilized discovery to discover the names of the Doe defendants. Second, after Plaintiff received the names in discovery in mid-February (four months after the case was commenced), he moved to amend the complaint to add the identities of the Doe defendants on April 12, 2023, within the time frame set by the scheduling order. Further, deliberate or not, Pavlov's identity was obscured by his own handwriting. The Court finds that Plaintiff exercised

reasonable diligence.[2] Since Plaintiff has satisfied the requirements of Nevada Rule of Civil Procedure 10(d), the claims relate back to the filing of the initial Complaint and they are not barred by the statute of limitations. Thus, amendment is not futile.[3]

### C. Defendant Gaughan's *Respondeat Superior* Argument

Defendant Gaughan argues it would be redundant to substitute the Gaughan employees because Plaintiff alleges that the actions of the Doe defendants were "undertaken within the course and scope of their employment" making Gaughan vicariously liable. (ECF No. 21-1, ¶ 35). Gaughan asserts, pursuant to *Jeld-Wen, Inc. v. Superior Court*, 131 Cal. App. 4th 853, 862 (Cal. Ct. App. 2005), that even if "guilty of a separate tort, [it] is still only liable for the employee's negligence." *Id.* According to Gaughan this makes the claims against it and the individual employee defendants redundant. However, the court in *Jeld-Wen* found that a negligent entrustment claim against the employer had to be dismissed after the employer made a binding admission of vicarious liability for its employee's negligence before trial. *Id.* at 870. The Court finds *Jeld-Wen* distinguishable, because there are no causes of action for negligent entrustment in this action and Defendant Gaughan has not made a binding admission of vicarious liability for any of its employees' actions. Therefore, the Court grants Plaintiff's Motion to Amend substituting the identified Gaughan employees in place of the Doe defendants.

### D. Adding Allegation of Physical Injury

Plaintiff's Motion to Amend also seeks to add the following line to his factual allegations of damages: "Physical injury requiring medical intervention and attendant pain and suffering[.]" (ECF No. 21-1). Defendants argue that the allegation should not relate back to the initial Complaint.

---

[2] Defendant Metro also cites bad faith, prejudice and undue delay as grounds for denying the motion to amend, based on this same assertion that Plaintiff knew Pavlov's identity at the time he received the misdemeanor warning. The Court finds that Defendant has not met its burden to demonstrate bad faith, prejudice or undue delay.

[3] The Court need not engage in a lengthy analysis to determine that Nevada Rule 10(d) is more permissive than the standard under Federal Rule of Civil Procedure ("Rule") 15(c)(1). The standard for the relation back of amendments under Federal Rule 15(c) is stricter than Nevada Rule 10(d). When changing the name of the party, Federal Rule 15(c) would require Plaintiff to show that the party had received notice of the action within ninety (90) days of the filing of the original complaint. Rule 10(d) only requires that Plaintiff act with "reasonable diligence." Clearly, in this instance, Nevada Rule 10(d) is the more permissive standard.

The Nevada Supreme Court has held: "If the original pleadings give fair notice of the fact situation from which the new claim for liability arises, the amendment should relate back for limitations purposes." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1146 (Nev. 1983) (citing Nevada Rule of Civil Procedure 15(c) (whenever the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading)). The Nevada Supreme Court went on to say that where the amendment raises a new cause of action that describes a new and entirely different "source" of damages the amendment does not relate back. *Id.* In *Nelson*, plaintiff's original complaint failed to allege any physical contact between officers and plaintiff. *Id.* The supreme court affirmed the district court's denial of plaintiff's motion to amend to add the new cause of action for battery. *Id*.

Here, both Plaintiff's original complaint and First Amended Complaint contained allegations that Plaintiff had been attacked without justification. Plaintiff has not added a new cause of action, or "source" of damages, but merely includes a more accurate description of his damages. Accordingly, Plaintiff's motion to amend to add this line is granted.

### III.    Conclusion

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 21) is **GRANTED**.

DATED: November 2, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE