UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TODD HOCH,

                Plaintiff,

    vs.

GAUGHAN SOUTH LLC, *et al.*,

                Defendants.

Case No.: 2:23-cv-00066-GMN-BNW

**ORDER REGARDING BILLS OF COSTS**

Pending before the Court are the Objections to the Bills of Costs, (ECF Nos. 95, 101), filed by Plaintiff Todd Hoch.  Defendant Gaughn South LLC d/b/a South Point Hotel and Casino ("South Point") and Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Officer Alexandr Pavlov (collectively "LVMPD Defendants"), replied, (ECF Nos. 100, 104).  Further pending before the Court is Plaintiff's Motion to Strike the Bill of Costs, (ECF No. 99).  South Point filed a Response, (ECF No. 103), to which Plaintiff replied, (ECF No. 105).

I.    **BACKGROUND**

The Court need not repeat the case's factual background.  As applicable here, following summary judgment, the Court entered judgment in favor of Defendants on February 24, 2025.  Pursuant to LR 54-1(a), "[a] prevailing party who claims costs must file and serve a bill of costs and disbursements on the form provided by the clerk no later than 14 days after the date of entry of the judgment or decree."  The LVMPD Defendants and South Point each filed a Bill of Costs.

## II.    DISCUSSION

The Court addresses Plaintiff's Motion to Strike before turning to his Objections to the Bills of Costs.

### A.  Motion to Strike

First, Plaintiff moves to strike South Point's Bill of Costs as untimely. (*See generally* Mot. Stike, ECF No. 99).  South Point's Bill of Costs was due March 9, 2025, but South Point did not file it until March 17, 2025.  Thus, South Point's Bill of Costs was untimely filed.

LR IC 7-1 states that "the court *may* strike documents that do not comply with these rules." LR IC 7-1 (emphasis added).  "May" signals discretion, and the Court exercises its discretion here to not strike the late Bill of Costs.  Significantly, Plaintiff is not prejudiced by the Court considering South Point's Bill of Costs.  In fact, Plaintiff also filed an Objection to South Point's Bill of Costs which the Court considers below.  Accordingly, Plaintiff's Motion to Strike is DENIED.

### B.  South Point's Bill of Costs

Plaintiff objects to South Point's request to tax deposition transcripts and expert witness costs.  South Point first seeks to tax $2,757.85 related to deposition transcript costs.  Under LR 54-4(a)(1), the "cost of a deposition transcript, either the original or a copy, but not both, whether taken solely for discovery or for use at trial" is a taxable deposition cost.  Reasonable costs of a deposition reporter at the deposition and reasonable costs for videography are also taxable. LR 54(a)(2)–(3).  But "condensed, ASCII, or other special formatting or production of deposition transcripts" are not taxable. LR 54(b)(3).  Neither is postage, handling, and delivery fees for deposition transcripts. LR 54(b)(2).

The Court begins by looking at the invoice for Plaintiff's deposition.  The following line items are not taxable: Exhibits, E-Bundle, and Local Delivery. (*See* South Point Invoices at 3, Ex. B to South Point Bill of Costs, ECF No. 94).  Moreover, the invoice bills the original and

one copy of the transcript together for a total of $893.20.  Either the original or a copy can be taxed, but not both.  Because of this, South Point can only tax half of the charge at $446.60.  Thus, the taxable cost for Plaintiff's deposition is $746.60 which includes the original transcript, half-day attendance for the deposition reporter, and remote videoconferencing setup, testing, and service.

Next, the Court looks at the invoices for John Monje, Angel Lopez, Jordan Etzig, and Alexndr Pavlov's depositions.  The only transcript "copy" billed at a cost on each deposition invoice is for one that is Indexed/Compressed and in electronic format. (*See* South Point Invoices at 4–7, Ex. B to South Point Bill of Costs).  As is here, condensed, ASCII, or other special formatting or production of deposition transcripts are not taxable.  The remaining line items in the invoice are also not taxable.  Thus, South Point cannot tax the depositions of Monje, Lopez, Etzig, and Pavlov.

South Point next seeks to tax $5,000 in costs for its expert witness Robert Gardner.  South Point states that NRS 18.005(5) awards costs to the prevailing party for expert witnesses up to $15,000.00 per expert.  But NRS 18.005(5) is applicable for Nevada state court costs.  It is inapplicable here.  South Point provides no other justification for why the Court should tax costs for its expert witness.  Indeed, under LR 54-11, expert witness fees are not ordinarily allowed.  Thus, South Point cannot tax its expert witness costs.

### C.  LVMPD's Bill of Costs

Plaintiff objects to the LVMPD Defendants' request to tax costs for depositions.  The taxable costs for John Monje, Angel Lopez, Jordan Etzig, Alexndr Pavlov, and Plaintiff's depositions are the same as described above.

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike, (ECF No. 99), is **DENIED**.

The Clerk of Court is kindly directed to tax costs as follows for **South Point**:

**Fees of the Clerk:**  Amount requested: $0.

**Fees for service of summons and subpoena:**  Amount requested: $0.

**Fees for printed or electronically recorded transcripts necessarily obtained for use in the case:**  Amount requested:  $0.

**Fees and disbursements for printing:**  Amount requested: $0.

**Fees for witnesses:**  Amount requested: 0.

**Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case:**  Amount requested: $0.

**Docket Fees under 28 U.S.C. 1923:**  Amount requested: $0.

**Costs as shown on Mandate of Court of Appeals:**  Amount requested: $0.

**Compensation of court-appointed experts:**  Amount requested: $0.

**Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828:**  Amount requested: $0.

**Other Costs:**  Amount requested: $7,757.85 (deposition transcripts and expert witness). Amount allowed:  $746.60.

Costs for South Point are taxed in the amount of **$746.60** and are included in the judgment.

The Clerk of Court is kindly directed to tax costs as follows for the **LVMPD Defendants**:

**Fees of the Clerk:**  Amount requested: $402.00.

Amount allowed:  $402.00.

**Fees for service of summons and subpoena:**  Amount requested: $0.

**Fees for printed or electronically recorded transcripts necessarily obtained for use in the case:**  Amount requested:  $0.

**Fees and disbursements for printing:**  Amount requested: $0.

**Fees for witnesses:**  Amount requested: $0.

**Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case:**  Amount requested: $0.

**Docket Fees under 28 U.S.C. 1923:**  Amount requested: $0.

**Costs as shown on Mandate of Court of Appeals:**  Amount requested: $0.

**Compensation of court-appointed experts:**  Amount requested: $0.

**Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828:**  Amount requested: $0.

**Other Costs:**  Amount requested: $2,281.60 (medical records, deposition transcripts, messenger service).

Amount allowed:  $783.20

Costs for the LVMPD Defendants are taxed in the amount of **$1,185.20** and are included in the judgment.

**DATED** this __23__ day of February, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court